IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) C.A.: CA 08 62 S |
| Plaintiff, | ) |
| v. | ) |
| Brian A. Peckham, | ) |
| Defendant. | ) |

COMPLAINT FOR MONEY JUDGMENT AND REPOSSESSION OF CHATTEL SECURITY

Now comes the plaintiff, the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Milind M. Shah, Assistant United States Attorney for the District of Rhode Island, and states as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C., Section 1345.

2. Plaintiff is the United States of America, acting through the Farm Service Agency ("FSA"), formerly known as the Farmers Home Administration ("FmHA"), United States Department of Agriculture.

3. Defendant Brian A. Peckham, is an adult individual whose residence address is 207 Peckham Road, Little Compton, RI 02837.

4. On or about November 25, 1997, FSA loaned the defendant the amount of $75,000 pursuant to the Consolidated Farm and Rural Development Act ("the Con Act"). On March 30, 2000, this loan was rescheduled, as evidenced by a promissory note in the face amount of

$70,515.95, a copy of which is attached hereto as Attachment A.

5. On or about December 9, 1997, FSA loaned the defendant the amount of $20,000 pursuant to the Con Act. On March 30, 2000, this loan was rescheduled, as evidenced by a promissory note in the face amount of $20,800, a copy of which is attached hereto as Attachment B.

6. On May 1, 2000, FSA loaned the defendant the additional amount of $20,000 pursuant to the Con Act, as evidenced by a promissory note, a copy of which is attached hereto as Attachment C.

7. In order to secure repayment of the aforesaid loans, the defendant executed and delivered to FSA a security agreement in which the defendant pledged, *inter alia*, all equipment. A copy of the security agreement, dated February 24, 2000, is attached hereto as Attachment D.

8. The Security interest granted by the security agreement was perfected on November 13, 1997 by the filing of a financial statement and properly continued on September 30, 2002 and November 1, 2007.

9. Defendant defaulted on the notes and security agreement by failing to pay as promised, and FSA accelerated the indebtedness on September 17, 2002.

10. The amount due and payable to FSA is $154,332.65 as of February 20, 2008 with interest accruing at the daily rate of 5.00% thereafter, as more fully set forth in the statement of indebtedness attached hereto as Attachment E. (Showing the amount due as of June 1, 2006, the date that the defaulted loans were first referred to the U.S. Department of Justice for enforced collection).

11. A search of the UCC filings reveals no other liens against the chattels as of February 20, 2008.

12. Defendant has refused requests from FSA to turn over the equipment voluntarily or to pay the amount due.

WHEREFORE, the United States demands judgment against the defendant as follows:

A. Granting FSA a money judgment against the defendant in the amount of $154,332.65, plus additional interest to the date of judgment at the daily rate of 5.00% from February 20, 2008;

B. Granting FSA possession of all equipment as set forth in the security agreement;

C. Permitting FSA to sell said equipment and apply the proceeds thereof to the indebtedness so far as they may extend;

D. Granting FSA the costs of this action and such other and further relief as the Court deems just and meet; and

E. FSA further demands that the defendant pay the required filing fee of $350.00, pursuant to 28 U.S.C. § 2412(a)(2), plus future costs as provided by law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MILIND M. SHAH
Assistant U.S. Attorney
50 Kennedy Plaza,
8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: milind.shah@usdoj.gov